**JUDGE RAMOS**

**13 CIV 4649**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LAVON GITTENS, Individually, and On Behalf of All Others Similarly Situated, | CIVIL ACTION No.: |
| Plaintiff, | |
| -against- | **COMPLAINT AND** |
| RM HQ, LLC, d/b/a "Chevy's Fresh Mex", and DOUG GRIEBEL, | **JURY DEMAND** |
| Defendants. | |

*RECEIVED JUL -3 2013 D.C. S.D.N.Y. CASHIERS*

---

Plaintiff, **LAVON GITTENS**, individually and on behalf of all others similarly situated, by and through his attorneys, JTB LAW GROUP, L.L.C., as and for his Complaint, alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action, individually and on behalf of all others similarly situated, to recover monetary damages, liquidated damages, interest and costs, including reasonable attorney's fees as a result of Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the New York State Wage and Hour laws ("NYWHL").

2. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the FLSA in connection with Defendants' commonly applied policy and/or practice in violation of their statutory obligations to pay Plaintiff and the putative collective members for each hour worked pursuant to 29 U.S.C. § 206(a) (1) and overtime compensation at a rate of time and a half (1.5) their regular rates of pay for work in excess of forty (40) hours per week pursuant to 29 U.S.C. § 207(a).

1

3. Plaintiff, individually and on behalf of the putative class members, also brings this action under the NYWHL. More specifically, Plaintiff asserts that he and the putative class members are entitled proper wages for working off the clock and overtime compensation for all work hours beyond forty (40) per week at a rate of one and a half (1.5) times their regular rates of pay, pursuant to N.Y.L.L. Article 6 §§ 190 *et seq.*, Article 19, §§ 650 *et seq.*, and 12 N.Y. Comp. Code R. & Regs. ("N.Y.C.R.R.") §§ 137-1.3, 142-2.2.

4. Plaintiff, individually and on behalf of the putative class members, also brings this action to recover unpaid compensation at the basic minimum hourly wage rate for each hour they worked over ten (10) hours in any given day for which Defendants did not pay, in violation of the spread-of-hours provisions of NYWHL.

5. Plaintiff also proposes a Rule 23 subclass which is composed of all former and current tipped hourly employees of Defendants who were/are not paid minimum wage because Defendants failed to comply with the requirements in order to claim a tip credit pursuant to NYWHL (N.Y. Labor Law §652(1) and (4), and 12 N.Y. Comp. Code R. & Regs. ("NYCRR") §137-1.5).

6. Upon information and belief, for at least six (6) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed systematic and widespread violations of the above-described federal and state wage and hour statutes and regulations, in the manner described herein.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute. As to

claims under New York State law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

9. Defendant, RM HQ, LLC ("RM HQ"), is a business corporation organized and existing under the laws of the State of Delaware. RM HQ has annual gross revenues exceeding $500,000.00.

10. Upon information and belief, Defendant, DOUG GRIEBEL, is the Chief Executive Officer and a Sole Owner of RM HQ.

11. RM HQ and DOUG GRIEBEL (hereinafter "Defendants") are actively doing business in this State and District. Defendants maintain their principal place of business at 5660 Katella Ave Ste 100, Cypress, CA 90630. Defendants are doing business as "Chevy's Fresh Mex" at 259 W. 42nd St., New York, NY 10036 ("Time Square Location").

12. Defendants are employers engaged in interstate commerce as that term is defined under the FLSA and NYWHL.

13. At all relevant times herein, Plaintiff, LaVon Gittens, was and is a resident of Kings County, State of New York.

14. At all relevant times herein, Plaintiff has been employed by Defendants as an hourly paid, tipped employee at Defendants' Time Square location.

## FACTUAL ALLEGATIONS

3

15. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

16. RM HQ is a privately owned establishment operating and doing business as "Chevy's Fresh Mex," a restaurant serving food to customers.

17. Defendants operate and control an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

18. At all times relevant herein, RM HQ has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s) (1).

19. At all times relevant herein, Defendants were/are jointly the "employers" of Plaintiff and all other similarly situated employees within the meaning of 29 U.S.C §203(d) and N.Y. Labor Law §651(6).

20. At all times relevant herein, Defendants either directly or indirectly hired Plaintiff and all other similarly situated employees; controlled their work schedules, duties, protocols, applications, assignments and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding their employment.

21. At all relevant times herein, Plaintiff and the other similarly situated hourly employees employed by Defendants were/are paid an hourly rate and classified as non-exempt employees.

22. At all relevant times herein, Defendants forced Plaintiff and other similarly situated hourly employees to work off the clock without proper compensation.

23. During the applicable statutory period, Plaintiff and the other similarly situated employees were required by Defendants and did regularly work over ten (10) hours per day.

24. During the applicable statutory period, Plaintiff and the other similarly situated employees were required by Defendants and did regularly work over forty (40) hours per week.

25. Defendants failed to compensate Plaintiff and the other similarly situated employees' minimum wages for each hour they worked, in violation of the NYWHL.

26. Defendants claimed a tip credit from Plaintiff and all the other similarly situated tipped employees against the minimum wage requirements, but failed to comply with all the requirements in order to lawfully claim a tip credit pursuant to the NYWHL.

27. Defendants failed to compensate Plaintiff and the other similarly situated employees proper wages for working off the clock, in violation of the FLSA and NYWHL.

28. Defendants failed to compensate Plaintiff and the other similarly situated employees proper overtime compensation at time and half (1.5) of their regular rates of pay for hours worked in excess of forty (40) per week, in violation of the FLSA and NYWHL.

29. Defendants failed to pay Plaintiff and the other similarly situated employees additional compensation at the basic minimum hourly wage rate for hours worked in any given workday in excess of ten (10) hours, in violation of NYWHL.

30. Upon information and belief, during the applicable statutory period, Defendants employed at least fifty (50) hourly paid employees who were/are affected by Defendants' unlawful wage policy and/or practice.

31. Defendants' failure to pay minimum wages, wages for working off the clock, overtime and spread-of-hours compensation to Plaintiff and the other similarly situated employees, as alleged herein, was/is willful, intentional and/or not in good faith.

32. Upon information and belief, Defendants never posted a notice explaining the minimum hourly wage and overtime pay rights provided by FLSA in any area of its business facility

where Plaintiff and the similarly situated employees were employed, in violation of 29 C.F.R. §516.4.

33. At all relevant times herein, Defendants maintained control, oversight, and direction over Plaintiff and the putative class and collective members, including the promulgation and enforcement of policies affecting the payment of wages for minimum wages, overtime and spread-of-hours compensation.

34. Defendants have consistently, and continue to enforce a uniform policy and/or practice of permitting, encouraging, and/or requiring its employees, including Plaintiff and the putative class and collective members, to work off the clock, overtime and over ten (10) hours in a given work day, without lawful compensation, as described herein.

35. At all relevant times herein, Defendants have failed to accurately record all of the hours worked by Plaintiff and the other similarly situated employees, and failed to properly compensate them for minimum wages, time worked off the clock, overtime and/or spread-of-hours compensation.

36. At all relevant times herein, starting more than six (6) years prior to the filing of this action and continuing to the present, Defendants have deprived Plaintiff and all other similarly situated employees of compensation for minimum wages, off the clock, overtime and spread of hours, as described herein.

37. Upon information and belief, at all times relevant herein, Defendants have failed to keep full and accurate records of Plaintiff's and the other similarly situated employees' hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6, NYLL § 661, and NYCRR Tit. 12 §472.2.

38. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation,

order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the New York Department of Labor, or any administrative practice or enforcement policy of such departments.

39. Defendants' widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

40. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

41. Plaintiff brings this action, individually and on behalf of all other similarly situated hourly-paid employees, former and present, who were/are affected by Defendants' willful and intentional violation of the FLSA and NYWHL, as described in this Complaint.

42. Plaintiff, on behalf of himself and the other similarly situated employees, brings this collective action to recovery unpaid wages for working off the clock and overtime owed by Defendants. Plaintiff, on behalf of himself and the putative class members, brings this class action to recover wages for working off the clock, as well as overtime and spread-of-hour compensation owed by Defendants. Plaintiff, on behalf of himself and other similarly situated employees, brings this subclass action to recover minimum wages not paid as a result of Defendants' improper tip credit claim against the minimum wage.

43. Plaintiff brings this claim for relief for Defendants' willful violation of the FLSA, as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C.§ 216(b).

    a. The Collective is defined as follows:

7

   i. All individuals who are current or former hourly paid employees of Defendants and work/worked at Defendants' Time Square location from June 2010 through present, and who:

    1. Were not paid overtime compensation for hours in a work week in excess of forty (40); and/or

    2. Were not compensated for time worked off the clock.

44. Plaintiff also brings this claim for relief under Rule 23 of the Federal Rules of Civil Procedure and New York State Wage and Hour Law. The Rule 23 Class under the NYWHL is defined as follows:

  a. All current and former employees of Defendants who are/were employed as hourly paid employees in the State of New York at Defendants' Time Square location during the applicable statutory period and who:

    1. Worked more than forty (40) hours in a week, but were not paid proper overtime compensation;

    2. Who were not compensated for all work performed and time worked, including, but not limited to, time worked off the clock; and/or

    3. Worked over ten (10) hours for at least one (1) day and were not paid proper spread-of-hours compensation.

45.  Moreover, the Rule 23 subclass is defined as follows:

  a. All current and former employees of Defendants who are/were employed as hourly tipped employees in the State of New York at Defendants'

**Time Square location during the applicable statutory period and who are/were not paid minimum wages.**

46. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA and as a class action pursuant to the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

47. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time and can only be ascertained through appropriate discovery, Plaintiff believes that class members have worked for Defendants during the applicable statutory period, without receiving appropriate minimum wages, off-the-clock wages, overtime and/or spread-of-hours compensation, as required by law.

48. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominates over any questions affecting only individual members, including:

   a. Whether Defendants are liable to Plaintiff and members of the putative Class and putative Subclass for violations of the applicable labor code;

   b. Whether Plaintiffs and the putative Class members worked over forty (40) hours in a workweek and/or worked over ten (10) hours in a workday.

   c. Whether Defendants failed to pay Plaintiff and members of the putative Subclass minimum wages.

   d. Whether Defendants failed to pay Plaintiff and members of the putative Class overtime compensation for all hours in the work week in excess of forty (40);

   e. Whether Defendants failed to pay Plaintiff and the putative Class members proper compensation for hours in excess of ten (10) in a workday.

49. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendants' standard policies and/or practices, as alleged herein. Like all Class members, Plaintiff was damaged by Defendants' standard policies and/or practices which failed to compensate Plaintiff and all other putative Class members for all hours worked proper overtime and spread-of-hours compensation. Furthermore, like all Subclass members, Plaintiff was damaged by Defendants' standard policies and/or practices which failed to pay Plaintiff and all other putative Subclass members minimum wages.

50. Plaintiff has no interests antagonistic to the interests of the other members of the Class or Subclass. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class and Subclass.

51. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

    a. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a classwide instead of on a repetitive individual basis;

    b. Despite the size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

    c. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class and Subclass.

52. Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members no parties to the adjudication, or substantially impair or impede their ability to protect their interests.

53. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA and NYWHL claims of a type that have often been prosecuted on a classwide basis, and the manner of identifying the Class and Subclass and providing any monetary relief to them can easily be effectuated from a review of Defendants' records.

## FIRST CLAIM FOR RELIEF

### (Individual Claims for Violation of FLSA)

54. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

55. Plaintiff was required by Defendants and did regularly work over forty (40) hours a week, but Defendants failed to pay Plaintiff proper overtime compensation at time and half (1.5) of his regular rate of pay for hours in a work week in excess of forty (40), in violation of the FLSA.

56. Defendants' conduct and/or practice, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

57. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

58. As a result of the foregoing, Plaintiff was illegally denied proper overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF

### (Individual Claim for Violation of NYWHL)

59. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

60. Defendants failed to pay Plaintiff minimum wages for each hour worked, and Defendants regularly forced Plaintiff to work off the clock, in violation of the NYWHL.

61. Plaintiff was required by Defendants and did regularly work over forty (40) hours a week, but Defendants failed to pay Plaintiff proper overtime compensation at time and half (1.5) of his regular rate of pay for hours in a work week in excess of forty (40), in violation of the NYWHL.

62. Plaintiff was required by Defendants and did regularly work over ten (10) hours a day, but Defendants failed to pay Plaintiff proper spread-of-hour compensation, in violation of the NYWHL.

63. A six (6) year statute of limitations applies to each such violation, pursuant to N.Y. Labor Law §§ 198(3), 663(3).

64. Defendants' conduct and practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

65. As a result of the foregoing, Plaintiff was illegally deprived of minimum wages, overtime and spread-of-hour compensation earned, in such amounts to be determined at trial, was forced to work off the clock, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to N.Y. Labor Law §§ 198(3), 663(3).

### THIRD CLAIM FOR RELIEF

#### (Collective Action Claim for Violation of FLSA)

66. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

67. Defendants failed to pay Plaintiff and the putative collective members minimum wages for each hour worked, in violation of the FLSA.

68. Plaintiff and the putative collective members were required by Defendants and did regularly work over forty (40) hours a week, but Defendants failed to pay them proper overtime compensation at time and half (1.5) of their regular rates of pay for hours in a work week in excess of forty (40), in violation of the FLSA.

69. Defendants' conduct and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

70. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

71. As a result of the foregoing, Plaintiff and the other similarly situated employees in the State of New York were illegally deprived of wages for each hour worked and overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of

such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## FOURTH CLAIM FOR RELIEF

### (Rule 23 Class Action Claim for Violation of NYWHL)

72. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

73. Plaintiff and the putative class members were required by Defendants and did regularly work over forty (40) hours a week, but Defendants failed to pay them proper overtime compensation at time and half (1.5) of their regular rates of pay for hours in a work week in excess of forty (40), in violation of the NYWHL.

74. Plaintiff and the putative class members were required by Defendants and did regularly work over ten (10) hours a day, but Defendants failed to pay Plaintiff and the putative class members proper spread-of-hour compensation, in violation of the NYWHL.

75. Defendants' conduct and/or practice, as described above, is willful, intentional, unreasonable, arbitrary and in bad faith.

76. A six (6) year statute of limitations applies to each such violation, pursuant to N.Y. Labor Law §§ 198(3), 663(3).

77. As a result of the foregoing, Plaintiff and the putative class members were illegally deprived of overtime and spread-of-hour compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to N.Y. Labor Law §§ 198(3), 663(3).

## FIFTH CLAIM FOR RELIEF

### (Rule 23 Subclass Class Action Claim for Violation of NYWHL)

78. Plaintiff repeats and realleges all previous paragraphs of the complaint, as if fully set forth herein.

79. Defendants took a tip credit against minimum wage for hourly tipped employees.

80. Defendants did not pay Plaintiff the statutorily mandated minimum wage for all hours worked as a result of their unlawful tip credit practices, in violation of NYWHL, N.Y. Labor Law §652(1) and (4), and 12 NYCRR §137-1.5.

81. Defendants' conduct and/or practice, as described above, was willful, intentional and/or in bad faith.

82. A six (6) year statute of limitations applies to each such violation, pursuant to N.Y. Labor Law §§ 198(3), 663(3).

83. As a result of the foregoing, Plaintiff and the putative subclass members were illegally deprived of minimum wages in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to N.Y. Labor Law §§ 198(3), 663(3).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants' wage practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

B. A declaratory judgment that Defendants' wage practices alleged herein violate the NYWHL minimum wage requirements, overtime compensation provisions, spread of hours provisions, and related regulations.

C. An order for injunctive relief ordering the Defendants to end all of the illegal wage practices alleged herein pursuant to FLSA, NYWHL, and related laws and regulations.

D. An order requiring Defendants, at their own expense, to investigate and account for the number of hours actually worked by the Plaintiff and all putative collective and class members.

E. Judgment for damages for all unpaid wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

F. Judgment for damages for all unpaid minimum wages, spread-of-hours wages, and overtime compensation under the NYWHL and the relating regulations.

G. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid wages and overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period.

H. Judgment for liquidated damages pursuant to the NYWHL and the relating regulations.

I. Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled.

J. An order directing Defendants to pay Plaintiff and members of the putative Class prejudgment interest, reasonable attorney's fees and all costs connected with this action.

K.  Incentive awards for the lead Plaintiff.

L.  Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the court.

M.  Equitably tolling for the Collective effective the date of the filing.

N.  Such other and further relief as to this Court may deem necessary, just and proper.

Dated: New York, New York
       July 3, 2013

JTB LAW GROUP, LLC

By: _____
Jason T. Brown
Gian Fanelli
155 2nd Street, Suite 4
Jersey City, NJ 07302
((201) 630-0000 (office)
(855) 582-5297 (fax)

*Attorneys for Plaintiff*