

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
58 South Service Road
Suite 410
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

ALBANY, NY | DETROIT, MI | MINNEAPOLIS, MN | PORTSMOUTH, NH
ALBUQUERQUE, NM | GREENVILLE, SC | MORRISTOWN, NJ | PROVIDENCE, RI
ATLANTA, GA | HARTFORD, CT | NEW ORLEANS, LA | RALEIGH-DURHAM, NC
AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | RICHMOND, VA
BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SACRAMENTO, CA
BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAINT LOUIS, MO
BOSTON, MA | LAS VEGAS, NV | ORANGE COUNTY, CA | SAN DIEGO, CA
CHICAGO, IL | LONG ISLAND, NY | ORLANDO, FL | SAN FRANCISCO, CA
CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA
CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT
DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | WASHINGTON, DC REGION
DENVER, CO | MILWAUKEE, WI | PORTLAND, OR | WHITE PLAINS, NY

MY DIRECT DIAL IS: (631) 247-4609
MY EMAIL ADDRESS IS: BRITONR@JACKSONLEWIS.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 9/26/13

September 26, 2013

**VIA FACSIMILE (212) 805-7943**

Hon. Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
U.S. Courthouse
40 Foley Square
New York, NY 10007

*[Handwritten: A pre-motion conference will be held on Thursday October 3, 2013 at 9:30 am. Plaintiff is directed to submit a written response not longer than 3 pages by Tuesday, October 1, 2013.]*

SO ORDERED:
[signature]
HON. EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE
9/26/13

Re: Davon Gittens v. RM HQ, LLC d/b/a
"Chevy's Fresh Mex," et al.
Case No.: 13-cv-4649 (EG)

Dear Judge Ramos:

We represent Defendants RM HQ, LLC, d/b/a "Chevy's Fresh Mex" ("Defendant") in the above matter. To the best of our knowledge, Defendant Doug Griebel has not been served as of the time of this letter. I write to request a pre-motion conference in connection with a proposed motion to dismiss which Defendant wishes to file. An initial conference is presently scheduled for October 3, 2013 at 9:30 a.m. We request that this proposed motion be addressed at this conference.

**Background To Motion**

Plaintiff Lavon Gittens ("Plaintiff") is an hourly paid tipped server working at Defendant's Times Square restaurant. See Complaint, ¶¶ 14, 16. In his Complaint, Plaintiff asserts claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") on behalf of himself and all other similarly situated individuals.

In general, Plaintiff claims (1) that he and others were denied overtime at time and one-half of their regular rates of pay for "off the clock" work in excess of 40 hours per week



Hon. Edgardo Ramos
September 26, 2013
Page 2

in violation of the FLSA and NYLL (see Complaint ¶¶2, 3, 23, 27, 28), (2) that he and others were denied "spread of hours" pay for each day they worked in excess of ten hours in violation of the NYLL (*id.* at ¶4), and (3) that he and others were not paid the proper minimum wage because Defendant "failed to comply with the requirements in order to claim a tip credit" under to the NYLL (*id.* at ¶¶5, 26).

As outlined below, Plaintiff's Complaint fails to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) as interpreted by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and as recently consistently applied to FLSA cases by the Second Circuit. *See DeJesus v. HF Mgmt Servs., Inc.*, 2013 U.S. App. LEXIS 16105 (2d Cir. Aug. 5, 2013); *Lundy v. Catholic Health System of Long Island*, 711 F.3d 106 (2d Cir. 2013); *Nakahata v. New York-Presbyterian Healthcare Sys.*, 2013 U.S. App. LEXIS 14128 (2d Cir. Jul. 11, 2013).

### Summary of Argument

Plaintiff purports to bring a claim for unpaid overtime on behalf of himself and others allegedly similarly situated without describing the nature of any "work" he allegedly performed but was not paid for. Plaintiff likewise does not allege any details of the amount(s) of time spent on this allegedly unpaid "work". Additionally, although Plaintiff alleges a failure to "comply with the requirements in order to claim a tip credit," the Complaint offers no explanation, let alone detail, regarding the alleged requirements or the manner in which Defendant allegedly violated them. Pursuant to well established Supreme Court and Second Circuit precedent, Plaintiffs' Complaint falls short of the standards necessary to survive a motion to dismiss.

The Second Circuit has recently interpreted *Iqbal* and *Twombly* in a series of FLSA off-the-clock cases. *See DeJesus*, 2013 U.S. App. LEXIS 16105; *Lundy*, 711 F.3d 106; *Nakahata*, 2013 U.S. App. LEXIS 14128. These cases stand for the proposition that plaintiffs in FLSA cases must call upon their "memory and experience that lead them to claim in federal court" to specifically approximate the total uncompensated hours worked during a given workweek in excess of 40 hours and to "detail the nature of the work that employees were allegedly required to perform off-the-clock." *Lundy*, 711 F.3d at 114; *In re Bank of Am. Wage & Hour Empl. Litig.*, 2010 U.S. Dist. LEXIS 112029, *22 (D. Kan. Oct. 20, 2010). The recent Second Circuit decisions demonstrate that courts in this Circuit routinely dismiss FLSA claims where the employees' complaints consist of vague allegations of purported entitlement to off-the-clock work. In many of these cases, the allegations are far more specific about the nature and length of the alleged off-the-clock work than the allegations here.

The best example of the application of these cases may be *DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497 (E.D.N.Y. 2011). In *DeSilva*, the Court held that because the employees failed to approximate the number of overtime hours they worked as a result of the employer's allegedly unlawful policies, and because the employees



failed to provide any specific factual allegations for their claims regarding allegedly unpaid off-the-clock work the employees failed to state a claim for an FLSA overtime violation.

Plaintiff's claims for alleged off-the-clock work fail to satisfy the pleading requirements set forth by the Supreme Court in *Iqbal* and *Twombly*. At most, the Complaint offers only conclusory allegations. Moreover, Plaintiff's allegations do not plausibly give rise to an entitlement of relief for allegedly unpaid off-the-clock work because Plaintiff does not approximate the number of uncompensated hours for himself or any putative class member, much less for the entire putative class. Plaintiff does not allege which categories of employees worked off the clock, on what occasions, or for how long. The burden placed on Plaintiff here is not an onerous one. He is not required to state every single instance of overtime work or to state the exact amount of pay which he is owed; instead, he is only required to provide a meaningful approximation of the overtime hours that he and others allegedly worked and the amount of unpaid wages allegedly due. Plaintiff here has failed to satisfy even this minimal burden and therefore fails to allege a *prima facie* violation of the FLSA or the NYLL.

Likewise, Plaintiff's claim of minimum wage violation under the NYLL due to alleged failure to comply with unidentified requirements for claiming a tip credit fails to meet the *Iqbal/Twombly* standards. Not only does the Complaint fail to identify the "requirements" allegedly not met, it further fails to identify the manner in which those "requirements" allegedly were violated. *Iqbal*, 556 U.S. at 678 ("a pleading that offers labels and conclusions or a formulaic recitation of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement").

          \*   \*   \*

For all of the foregoing reasons, we respectfully request that the initial conference scheduled for October 3, 2013 serve as a pre-motion conference.

Very truly yours,

JACKSON LEWIS LLP

Roger H. Briton

ERM/RB

cc: Jason T. Brown, Esq. (*via email jtb@jtblawgroup.com*)
   Gian M. Fanelli, Esq. (*via email gianmfanelli@jtblawgroup.com*)

# jackson|lewis
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
58 South Service Road
Suite 410
Melville, NY 11747
Tel. 631-247-0404
Fax. 631-247-0417
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GRAND RAPIDS, MI | NEW ORLEANS, LA | RALEIGH-DURHAM, NC |
| ALBUQUERQUE, NM | GREENVILLE, SC | NEW YORK, NY | RAPID CITY, SD |
| ATLANTA, GA | HARTFORD, CT | NAPA, CA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NORFOLK, VA | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | OMAHA, NE | ST. LOUIS, MO |
| BIRMINGHAM, AL | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN DIEGO, CA |
| BOSTON, MA | LAS VEGAS, NV | ORLANDO, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | LONG ISLAND, NY | PHILADELPHIA, PA | SAN JUAN, PUERTO RICO |
| CINCINNATI, OH | LOS ANGELES, CA | PHOENIX, AZ | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PITTSBURGH, PA | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PORTLAND, OR | TAMPA, FL |
| DAYTON, OH | MILWAUKEE, WI | PORTSMOUTH, NH | WASHINGTON DC REGION |
| DENVER, CO | MINNEAPOLIS, MN | PROVIDENCE, RI | WHITE PLAINS, NY |
| DETROIT, MI | MORRISTOWN, NJ | | |

DIRECT DIAL: (631) 247-4609
EMAIL ADDRESS: BRITONR@JACKSONLEWIS.COM

# FAX

| | |
|---|---|
| To: | Hon. Edgardo Ramos |
| Company: | USDC, Southern District |
| Fax: | (212) 805-7943 |
| Tel #: | |
| From: | Roger Briton |
| Sender: | Elissa Ali |
| Subject: | Gittens, et al. v. "Chevy's Tex Mex" |
| Date: | September 26, 2013 |
| Client/Matter #: | 231837 |
| Pages: | 4 |
| Original: | _____ Will Follow    X  Will Not Follow |

**MESSAGE:**

Please contact Elissa Ali if there are any problems with this transmission.

Confidentiality Note: This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.